IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CALVIN DEWEY JONES                                                  PLAINTIFF

v.                                              CIVIL CASE NO. 4:25-CV-004-RP

COMMISSIONER OF
SOCIAL SECURITY                                                    DEFENDANT

## OPINION AND JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Calvin Dewey Jones brought this action for

judicial review of an unfavorable decision of the Commissioner of Social Security regarding an

application for a period of disability and disability insurance benefits, as well as an application

for supplemental security income.  The parties have consented to entry of final judgment by the

United States Magistrate Judge under 28 U.S.C. § 636(c).  ECF 10.  The undersigned held a

hearing on October 29, 2025.  Having considered the record, the administrative transcript, the briefs

of the parties, the oral arguments of counsel, and the applicable law, the court finds that the

Commissioner's decision is not supported by substantial evidence and should be remanded.

## Standard of Review

In determining disability, the Commissioner, through the Administrative Law Judge

("ALJ"), works through a five-step sequential evaluation process.[1]  The burden rests upon

plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff

is successful in sustaining his burden at each of the first four levels, then the burden shifts to the

Commissioner at step five.[2]  First, plaintiff must prove [he] is not currently engaged in

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).
[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

substantial gainful activity.[3]  Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6]  At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard.  *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990).  The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim.  *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983).  The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds

---

[3]20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).
[4]20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).
[5]20 C.F.R. §§ 404.1520(d), 416.920(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."  20 C.F.R. § 416.925 (2003).
[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).
[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).
[8]*Muse*, 925 F.2d at 789.
[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

that the evidence leans against the Commissioner's decision.[10]  The Fifth Circuit has held that

substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v.*

*Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted).  Conflicts in the evidence are for the

Commissioner to decide, and if there is substantial evidence to support the decision, it must be

affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th

Cir. 1990).  The court's inquiry is whether the record, as a whole, provides sufficient evidence

that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*,

402 U.S. 389, 401 (1971).  "If supported by substantial evidence, the decision of the

[Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## Commissioner's Decision

At step one of the sequential evaluation process, the ALJ found that the plaintiff has not

engaged in substantial gainful activity since the alleged onset date of January 6, 2021.   At step

two, he found that the plaintiff had the severe impairments of inflammatory

polyarthritis/rheumatoid arthritis, mild lumbar degenerative disc disease, diabetes mellitus,

neuropathy, chronic pancreatis, gastroesophageal reflux disease (GERD), and irritable bowel

syndrome (IBS).  At step three, he found that the plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed impairment.

The ALJ then determined that the plaintiff has the residual functioning capacity ("RFC") to

perform light work, but with the following limitations:

> [T]he claimant must use a handheld assistive device/cane to ambulate 50 feet or further;
> requires a sit/stand option with need to alternate to sitting after 30 minutes of standing or

---

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

walking; push/pull as much as can lift/carry; occasionally climb ramps and stairs; and never climb ladders, ropes, or scaffolds.

At step four, the ALJ found that the plaintiff is not capable of performing any of his past relevant work. Finally, at step five, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the representative occupations of ticket taker, inspector, and office helper. Accordingly, the ALJ concluded that the plaintiff is not disabled.

## Discussion

The plaintiff argues that the RFC assessed by the ALJ is not supported by substantial evidence.[11] Specifically, the plaintiff argues that the ALJ erroneously failed to adopt the disabling exertional limitations set forth in the medical source statement of the plaintiff's treating physician Willam Booker, MD, and also that the ALJ erroneously omitted any limitations – such as absenteeism -- associated with the plaintiff's severe impairments of chronic pancreatitis, gastroesophageal reflux disease (GERD), and irritable bowel syndrome (IBS). In response, the Commissioner argues there is substantial evidence supporting the ALJ's assessment of nondisabling exertional limitations, and in support the Commissioner cites various medical records reflecting normal physical examinations, including the plaintiff's physical consultative examination by Nadine Bush, MD. The court agrees with the Commissioner that the cited records constitute substantial evidence supporting the ALJ's assessment of nondisabling exertional limitations. However, the Commissioner's brief offers little if any argument in support of the ALJ's omission of non-exertional limitations associated with the plaintiff's gastrointestinal disorders, and it appears to the court that there is little argument to be made.

The plaintiff testified at the administrative hearing that his pancreatitis flare-ups last several

---

[11] For the reasons stated on the record at the conclusion of oral arguments, the court finds no error among the other issues raised in the plaintiff's brief on appeal, and the court's discussion herein is confined to the issue that the court finds warrants remand.

days and are occasioned by throbbing stomach pain at 9/10, vomiting a lot, and loss of energy; and that he lays down most of the day during the flare-ups. The plaintiff testified that his acid reflux also causes him to vomit a lot. The plaintiff's application materials indicate that the plaintiff gets sick three to five times per week. The plaintiff's statements are corroborated by the medical records in this case, which are replete with documentation of frequent hospital visits for emergency treatment of stomach pain, nausea, and vomiting throughout the relevant period, both before and after the plaintiff's referral to gastroenterologists for treatment of his GI disorders.[12]

There is little evidence in the record contradicting the above evidence regarding the severity and limiting effects of the plaintiff's GI disorders. During oral arguments before this court, counsel for the Commissioner pointed to consultative examiner Dr. Bush's report omitting any opinion as to absenteeism as evidence that the plaintiff's GI disorders cause no such limitation, but Dr. Bush opined as to the plaintiff's *exertional* limitations based expressly on her one-time physical examination of the plaintiff. This hardly constitutes substantial evidence of a lack of non-exertional limitations caused by the plaintiff's GI disorders. Counsel also pointed to the state agency physician's medical findings omitting any absenteeism restriction, but "[t]he Fifth Circuit [has] instructed that a report from a non-examining state agency reviewing physician 'does not alone constitute substantial evidence.'" *Cordie S. v. Kijakazi*, No. 6:21-cv-00031-H-BU, 2022 WL 8303165, at *5 (N.D. Tex. June 28, 2022) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017)).

The court finds that at the very least, the ALJ should have explained in his decision why he did not include time-off-task or absenteeism restrictions in the RFC due to the plaintiff's severe GI

---

[12] Additionally, the plaintiff's primary treating physician Dr. Booker opined in a medical source statement that the plaintiff would be absent from work at least four days per month due to his impairments. However, as stated on the record at the conclusion of oral argument, the court finds the ALJ committed no error in finding Dr. Booker's medical source statement as a whole unpersuasive due to inconsistencies between other aspects of his statement and various medical records.

disorders. Of course, there is no requirement that all impairments found to be severe must result in associated limitations in the RFC, but where, as here, there is abundant and uncontradicted evidence of the impairments' severity and limiting effects – or a "conspicuous absence of credible choices" – then the ALJ's unexplained omission of any such limitations is not supported by substantial evidence. *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quoting *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)).

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the Commissioner's decision is REVERSED and REMANDED for a rehearing of the plaintiff's application under the fourth sentence of § 405(g).

SO ORDERED AND ADJUDGED, this, the 30th day of October, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE